UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CHARLES R. SLAUGHTER,

      Plaintiff,

v.                            CASE No. 8:10-CV-2353-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____


## O R D E R


The plaintiff in this case seeks judicial review of the denial of his

claims for Social Security disability benefits and supplemental security

income payments.[1] Because the decision of the Commissioner of Social

Security fails to evaluate evidence of thumb and shoulder problems, the

decision will be reversed as to the claim for supplemental security income,

and the matter remanded for further consideration of that claim. The decision

will be affirmed as to the claim for disability benefits.

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 13).

I.

The plaintiff, who was fifty-eight years old at the time of the administrative hearing and who has a high school education, has worked as a dishwasher, laborer, and prep cook (Tr. 11-14). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to hearing problems and mental health problems (Tr. 118). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease of the lumbar spine, hearing loss, and alcohol addiction (Tr. 44). He concluded that these impairments restricted the plaintiff as follows (Tr. 46):

> [T]he undersigned finds that the claimant has the residual functional capacity to lift and carry 25 pounds frequently and 50 pounds occasionally, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday with pushing and pulling within the aforementioned weight restrictions, and he has limited hearing which is correctable with hearing aids. The claimant can occasionally climb ladders, ropes or scaffolds but must avoid concentrated

exposure to pulmonary irritants. The claimant is
further limited to unskilled work not in direct
contact with the general public.

The law judge determined, despite these limitations, that the plaintiff could

return to his past work as a prep cook (Tr. 48). The plaintiff was therefore

found not disabled (id.). The Appeals Council let the decision of the law

judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and

supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical

or mental impairment which ... has lasted or can be expected to last for a

continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),

1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

Social Security Act, is one "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3),

1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he

is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A),

1382c(a)(3)(B). In this case, also, the plaintiff must show that he became disabled before his insured status expired on March 31, 2007, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The law judge determined that the plaintiff suffers from severe impairments of degenerative disc disease of the lumbar spine, hearing loss, and alcohol abuse, and that they limit the plaintiff's residual functional

capacity to a range of medium work. The plaintiff, under three headings, asserts numerous challenges to the law judge's decision. Notably, the plaintiff develops no argument that the law judge's analysis of his depression or hearing problem was inadequate. Particularly in light of the scheduling Order (Doc. 11, p. 2), any such challenges are deemed abandoned.

The plaintiff's first heading states broadly that "[t]he Commissioner erred in finding that Claimant could perform the range of medium work" (Doc. 15, p. 2). Although this contention tends to focus on the plaintiff's complaints of back pain, the plaintiff also argues that the law judge failed to consider impairments in other parts of the body, including left thumb and shoulder pain (id., p. 4; see also p. 8). The failure to evaluate these complaints amounts to reversible error.

The plaintiff testified that he has developed arthritis in his left thumb and both shoulders, so that he cannot pull a lawn mower rope hard enough to start it and cannot carry a five-gallon bucket of paint (Tr. 15). He added that, due to his left thumb problem, he cannot grip anything with his left hand (Tr. 19). The plaintiff said that his thumb pain is excruciating and

that there are bones rubbing together (id.). He stated that he is seeing a doctor for this condition (id.).

The plaintiff's testimony is corroborated, at least to some extent, by a treatment note of April 16, 2008, in which the plaintiff presented to a medical center complaining that his left shoulder was out of joint and that he had left thumb pain (Tr. 316). The plaintiff also seeks to support his complaints of left thumb and shoulder pain based upon an evaluation of September 9, 2008 (Tr. 318). That evaluation, however, took place several months after the law judge's decision. Consequently, that evidence is not properly considered in a challenge to the law judge's decision. Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1266 (11th Cir. 2007).[2]

Similarly, the Commissioner cannot rely upon the post-decision evaluation to support the law judge's decision. The Commissioner notes that, in the evaluation, it was indicated that the duration of the left thumb and shoulder problems was two to three months (Tr. 318). The Commissioner

_____

[2]While evidence submitted first to the Appeal Council, as this evaluation was, may be considered in determining whether the Appeals Council correctly denied review, the plaintiff raises no challenge under Ingram to the denial of review.

points out that an onset of those problems three months prior to the September 2008 evaluation would mean that the problems are not relevant to the law judge's decision. However, in light of the plaintiff's severe alcoholism, that purported onset date is not reliable. Moreover, the treatment notes of April 16, 2008, concerning the thumb and shoulder conditions show that those problems appeared before the administrative hearing was conducted and the decision was rendered. In any event, the September 2008 evaluation cannot be used to defend the law judge's decision.

In short, the plaintiff testified that he suffered from left thumb and shoulder impairments and there was a medical record corroborating those problems. Consequently, the law judge was required to evaluate those problems. As the plaintiff notes, the Eleventh Circuit has said the law judge "must state specifically the weight accorded each item of [impairment] evidence and the reasons for his decision" on such evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). In this case, the law judge did not evaluate the thumb and shoulder problems at all. The failure to do so warrants reversal. Id.

The law judge's error, however, only pertains to the application for supplemental security income. Thus, the only pre-decision evidence of thumb and shoulder problems was from April 2008. Moreover, the plaintiff's testimony did not attempt to relate the thumb and shoulder problems back to March 31, 2007, when the plaintiff's insured status expired. Therefore, the law judge's failure to address those problems does not affect the claim for disability insurance benefits. Moreover, none of the plaintiff's other contentions demonstrates reversible error as to that claim.

The plaintiff contends that "[t]he ALJ's findings regarding the Claimant's RFC are not supported by the findings of any of the examining or treating physicians" (Doc. 15, p. 3). If the plaintiff is contending that the law judge erred in failing to adopt limitations set out by his treating or examining physicians, that contention is meritless. As the law judge stated, he reviewed the entire record and determined that "no treating physician has opined that the claimant has any significant physical limitations" (Tr. 48). While the plaintiff characterized this statement as erroneous, he has not pointed to any opinion by a treating or examining doctor stating that the plaintiff has additional limitations (Doc. 15, p. 6).

From all that appears, the plaintiff's primary contention is that certain items of back impairment evidence support a more restrictive residual functional capacity. This argument is unpersuasive.

The plaintiff points to an x-ray and an MRI made in August 2005 of his lumbar spine which revealed a herniated disc at L4-L5 causing mass effect on the ventral thecal sac with mild posterior displacement of the transversing L5 spinal nerve root to the left and degenerative facet arthropathic changes at L4-L5 contributing to central canal stenosis (Tr. 187). Notably, the law judge referred to this report in his decision (Tr. 44, 47). Moreover, he specifically found that the plaintiff had a severe impairment of degenerative disc disease of the lumbar spine (Tr. 44).

In all events, in order to demonstrate reversible error, the plaintiff must show that he had functional limitations from the condition that were not included in the law judge's determination of the plaintiff's residual functional capacity. In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on [his] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th

Cir. 2005)(unpub. dec.)(quoting McCruter v. Bowen, 791 F.2d 1544, 1547

(11ᵗʰ Cir. 1986)). In other words, it is the functional limitations that

determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11ᵗʰ Cir.

2005); McCruter v. Bowen, supra. Moreover, with respect to the claim for

disability insurance benefits, the plaintiff must show that he had greater

functional limitations between his alleged onset date of October 20, 2006, and

March 31, 2007, the date his insured status expired.

The plaintiff seems to argue that the law judge failed to consider

limitations stemming from his back pain. The law judge, in his assessment

of the medical evidence, concluded that there were no complaints of back

pain. Thus, he stated (Tr. 47):

> The claimant has been diagnosed by MRI with
> herniated nucleus pulposus at L4/5 (Exhibit 1F)
> although interestingly he does not complain of
> back pain - possibly because he is too intoxicated
> to feel it. The medical evidence reflects that in
> January 2007, during a mental status examination
> when the claimant was asked about pain he
> reported that he had none (Exhibit 10F/8). In May
> 2007 Dr. Rahim noted upon physical examination
> that the claimant had full range of motion
> throughout and denied sore muscles, back pain,
> weakness or joint pain (Exhibit 6F/1 & 2). The

physical examination was the same in July 2007 as well (Exhibit 6F/8).

The plaintiff asserts that the record is, in fact, replete with complaints of pain beginning in August 2005 (Doc. 15, p. 4). However, the plaintiff does not cite to any complaints of pain during the period October 20, 2006, to March 31, 2007. He did not do so because there were not any. Clearly, the plaintiff's characterization of the transcript as "replete" with allegations of back pain is groundless. As the Commissioner correctly responds, the plaintiff affirmatively denied back pain "at multiple points in the record during the time that he alleged disability (Tr. 47, 220, 226, 262)" (Doc. 16, p. 9).

Importantly, the plaintiff does not identify in his argument any functional limitation caused by back pain that warrants a more restrictive residual functional capacity than found by the law judge. Particularly in light of the lack of any showing of functional limitations from back pain between October 20, 2006, and March 31, 2007, there is no basis for concluding that the law judge's determination of the plaintiff's residual functional capacity was erroneous with respect to the disability benefits claim.

The plaintiff also makes a cursory challenge to the law judge's credibility determination (Doc. 15, p. 6). In evaluating the plaintiff's credibility, the law judge fairly set forth the plaintiff's testimony (Tr. 44-45), and the plaintiff does not contend otherwise. The law judge, moreover, referred to the regulations and Social Security rulings that govern credibility determinations (Tr. 46).

The plaintiff's only challenge to the credibility determination is with respect to the law judge's consideration of the plaintiff's daily activities (Doc. 15, p. 6). The plaintiff asserts that his limited activities of alcohol consumption, caring for his dog and cat, and walking to the store to buy beer, "does not reach the level of residual functional capacity or ability to engage in substantial gainful activity" (id.). Of course, the law judge is entitled to consider those activities in evaluating the plaintiff's credibility. Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987); Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984). In fact, the regulations expressly state that such activities will be taken into account in making a credibility determination. 20 C.F.R. 404.1529(c)(3)(i), 416.929(c)(3)(i). Furthermore, as the Commissioner correctly points out (Doc. 16, pp. 11-13), the law judge stated that he

considered other factors in connection with the plaintiff's credibility assessment (Tr. 47). Thus, the law judge did not rely solely on the plaintiff's daily activities in discounting his testimony. Mack v. Commissioner of Social Security, 2011 WL 989813 (11th Cir. 2011). Overall, the reasons outlined by the law judge are adequate and supported by substantial evidence. This court is therefore not authorized to overturn the law judge's credibility determination. Arnold v. Heckler, 732 F.2d 881, 883-84 (11th Cir. 1984).

The plaintiff's second issue is styled, "[t]he ALJ erred in not finding disability in accordance with the Grids" (Doc. 15, p. 7). In this case, the law judge did not decide the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1569, 416.969. Those regulations, which relate to tables that are sometimes called "grids," apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. Id. The law judge found here that the plaintiff could perform his past relevant work at step four of the sequential analysis for deciding disability claims. 20 C.F.R. 404.1520(f), 416.920(f). Under these circumstances, the grids do not come into play.

The plaintiff's final issue argues in a conclusory manner that the law judge did not develop the record adequately because he failed to order a consultative evaluation for the plaintiff's left thumb, hip, and shoulder problems (Doc. 15, pp. 8-9). This contention relates to the conclusion that the law judge erred by failing to address the evidence of thumb and shoulder problems. In fact, it provides at least some support for the conclusion that the failure constitutes reversible error.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED** as to the claim for disability insurance benefits. However, it is **REVERSED** as to the claim for supplemental security income, and the matter is **REMANDED** for further proceedings with respect to that claim. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 30th day of September, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-15-